**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

MARCO VIVANCO-BENITEZ,

Petitioner,

v.

IMMIGRATIONS AND CUSTOMS
ENFORCEMENT, *et al.*,

Respondents.

Case No. 2:26-cv-08232 (BRM)

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Petitioner Marco Vivanco-Benitez's ("Petitioner")

Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing he is

unlawfully detained. (ECF No. 1.) On July 6, 2026, the Court issued a Text Order finding Petitioner

could not be mandatorily detained under 8 U.S.C. 1225(b) and ordering Petitioner's release from

custody. (ECF No. 3.) Alternatively, the Court ordered Respondents to file an expedited answer if

this matter is factually distinguishable from other cases handled by the Court. (*Id.*) On July 7,

2026, Respondents filed an answer, arguing Petitioner's argument is now moot, as he requested

and has been granted voluntary departure from the United States. (ECF No. 5.)

Petitioner, a citizen of Ecuador, entered the United States unlawfully on or about March 5,

2024, where he encountered a Border Patrol agent. (*Id.* at 1.) Petitioner was issued a Notice to

Appear ("NTA") and was subsequently released into the country on his own recognizance. (*Id.* at

1–2.) Petitioner failed to appear for a reporting date on April 3, 2025. (*Id.* at 2.)

On June 28, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner

pursuant to an administrative warrant. (*Id.*) On June 29, 2026, Petitioner signed the Petition, which

was postmarked on June 30, 2026. (*Id.*; ECF No. 1.) On June 30, 2026, Petitioner and the United

States Department of Homeland Security submitted a Joint Motion for Voluntary Departure to the

Immigration Court. (ECF No. 5-2.) The Immigration Court issued an Order granting the Motion for Voluntary Departure on July 1, 2026. (ECF No. 5-3.) The Order requires Petitioner to depart by July 31, 2026. (*Id.*)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner seeks to challenge his detention pursuant to 8 U.S.C. § 1225(b)(1). (ECF No. 1.) However, following the Immigration Court's grant of his Motion for Voluntary Departure, Petitioner is no longer detained under § 1225(b)(1). The Immigration Court granted his Motion for Voluntary Departure under safeguards. (ECF No. 5-3.) The phrase voluntary departure "under safeguards" appears to refer to the procedure involving an alien's detention until departure. *See also Matter of M-A-S-*, 24 I. & N. Dec. 762, 766 (B.I.A. 2009) (stating that "the term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States"); *Hernandez v. Warden, Eden Det. Ctr.*, Civ. A. No. 26-00053-H, 2026 WL 593532, at *4 (N.D. Tex. Mar. 3, 2026); *El Badrawi v. United States*, 787 F. Supp. 2d 204, 231–32 (D. Conn. 2011). Pursuant to 8 C.F.R. § 240.25(b), the granting of voluntary departure may include the attachment

2

of "any conditions [deemed] necessary to ensure the alien's timely departure from the United States, including the posting of a bond, *continued detention pending departure*, and removal under safeguards." 8 C.F.R. § 240.25(b) (emphasis added). Additionally, an immigration judge "may impose such conditions as he or she deems necessary to ensure the alien's timely departure from the United States." 8 C.F.R. § 1240.26(b)(3)(i).

Petitioner is now subject to voluntary departure under safeguards and therefore no longer detained under 8 U.S.C. § 1225(b). As such, Petitioner's Petition, which challenges his § 1225(b) detention, is denied without prejudice.

Accordingly, and for good cause appearing,

**IT IS** on this 24th day of July 2026,

**ORDERED** that the Petition (ECF No 1) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. Mail and upon Respondents electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

3